PeabsoN, C. J.
 

 The equity of the plaintiff is put on the ground that the note in question was satisfied in the life-time of Kelly, the intestate of the defendant; that on a settlement between the plaintiff and Kelly, the note was surrendered up to the plaintiff, and that he neglected to cancel or destroy it, and left it among his other papers at the house of Kelly, (who was his father-in-law,)
 
 “
 
 in an old pine desk.”
 

 The defendant does not confess the equity of the bill, but denies all of the facts upon which it rests; and says that according to his belief, they are not true, and as the ground of this belief, among other things, he-avers that the note was found by him, at the death of the intestate, carefully wrapped up with other valuable papers, and placed away in a trunk, and that there were no papers of the plaintiff found at the house of the intestate, and no “ old pine desk ” like the one described in the bill. So, if the note ever had been surrendered to the plaintiff, his intestate must have purloined it and-put it among his valuable papers, which the defendant does not believe to be true', and, in confirmation of his belief, he avers that after the death of his intestate, he urged complainant to pay the note,
 
 “
 
 which he abruptly refused to do, simply denying that he owed Kelly any thing, without in any manner explaining or accounting for the existence of the note.”
 

 The, answer being full, and the plaintiff having failed to prove his allegations by any admission in the answer
 
 he is
 
 
 *203
 

 without proof,
 
 and his injunction is gone.
 
 Capehart
 
 v.
 
 Mhoon,
 
 Busb. Eq. 37.
 

 There is no error in the decretal order dissolving the injunction. This will be certified.
 

 Pee OueiAM, Decretal order affirmed.